IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-39,930-03, WR-39,930-04, WR-39,930-05, WR-39,930-06






EX PARTE JARRETT RUSSELL HAMPTON, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

FROM CAUSE NOS. W98-00096-U, W97-18712-U, W98-00098-U AND W98-00097-U IN THE 291ST JUDICIAL DISTRICT COURT OF DALLAS COUNTY




 Per curiam.

 O R D E R


 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to two counts of aggravated robbery and two counts of aggravated
assault, and elected to have the jury assess punishment. After hearing evidence, the jury
assessed punishment at sixty years' imprisonment on each aggravated robbery count, and
twenty years' imprisonment on each aggravated assault count. Applicant's convictions were
affirmed on appeal. Hampton v. State Nos. 05-98-00329-CR, 05-98-00330-CR, 05-98-00328-CR, 05-98-00327-CR (Tex. App. --Dallas, delivered November 10, 1999, pet. ref'd.).

 Applicant contends inter alia that he was denied the effective assistance of counsel
because counsel failed to call any character witnesses at the punishment phase of Applicant's
trial, despite the availability of such witnesses.

 The trial court has entered findings of fact or conclusions of law recommending that 

Applicant's writs be denied as subsequent applications under Texas Code of Criminal
Procedure article 11.07, Section 4. If these were subsequent applications, the proper
disposition would be dismissal under Section 4. However, Applicant also argues that his first
writ challenging these convictions was improperly denied by this Court. Applicant points
out that his direct appeal was pending at the time this Court considered and denied his first
writ. Therefore, this Court lacked jurisdiction, and should have dismissed the writ rather
than considering it on its merits. Applicant is correct that the -01 writ was improperly
denied. Therefore, the instant writs are not subsequent applications barred by Section 4, and
the trial court's findings are not sufficient to completely resolve the issues presented. 

 Because Applicant has stated facts requiring resolution and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for resolution
of those issues. The trial court may resolve those issues as set out in Tex. Code Crim. Proc.
art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from counsel
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel called any
witnesses to testify on Applicant's behalf during the punishment phase. If counsel did call
witnesses, the trial court shall make findings as to whether these witnesses testified to
Applicant's character. If counsel did not call witnesses, the trial court shall make findings
as to why not. The court shall also make findings, based on the record, as to whether the
prosecutor specifically pointed out the absence of character witnesses during closing
argument. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), these applications for post-conviction writs of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 8th DAY OF MARCH , 2006





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.